UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN HOUSTON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C17-626-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Susan Houston appeals the ALJ's decision finding her not disabled. The ALJ found Ms. Houston's obesity, cervical and lumbar degenerative disc disease, osteoarthritis, diabetes, affective disorder, anxiety, posttraumatic stress disorder, substance abuse, left knee medical meniscus tear, chrondromalacia, are severe impairments; that with these impairments she has the Residual Functional Capacity (RFC) to lift/carry 20 pounds occasionally and 10 pounds frequently, and stand/walk and sit for six hours, with normal breaks subject to additional physical, postural, environmental, and non-exertional limitations; that Ms. Houston cannot perform her past work but can perform other jobs that exist in significant numbers in the national economy. Tr. 23-37.

Ms. Houston contends the ALJ erred in assessing the medical opinions of her treating and examining providers. Dkt. 11 at 1. As discussed below, the Court **REVERSES** the

Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.  James Czysz, Psy.D.**

Dr. Czysz performed a psychological evaluation of Ms. Houston and opined she has several moderate and marked limitations in her ability to perform work activities. Tr. 462-68. Ms. Houston argues, and the Court agrees, the ALJ erred by failing to provide specific and legitimate reasons to reject Dr. Czysz's opinion. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

The ALJ found Dr. Czysz's opinions lacked sufficient rationale and support, and relied instead upon Ms. Houston's non-credible statements. An ALJ may not reject an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Czysz did not question Ms. Houston's claims. While he considered her statements, he also supported his conclusions by performing a clinical examination and mental status exam, and by administering standardized testing. Additionally, in the clinical findings section, Dr. Czysz described Ms. Houston's symptoms, their severity, and the impact on her ability to perform work. Substantial evidence does not support the ALJ's conclusion that the doctor failed to provide a rationale or any support for his opinions.

The ALJ also found the difficulties Ms. Houston displayed during Dr. Czysz's cognitive exam were inconsistent with her treatment record which the ALJ indicated showed she had normal attention span, concentration and memory. Tr. 32. Substantial evidence does not support

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER
PROCEEDINGS - 2

this finding. First the records the ALJ relies upon were created by other sources, not a medical doctor. Many of the records the ALJ referenced were prepared by Megan Merritt, PA-C. The ALJ rejected Ms. Merritt's opinions about the severity of Ms. Houston's limitations, Tr. 34. It is thus unreasonable for the ALJ to rely on discredited Ms. Merritt's records to reject Dr. Czyz's opinions. Second, only one record indicated normal attention, concentration and memory. Tr. 522. The others were limited to memory only. One record indicated intact attention and memory but also noted poor concentration and severe anxiety. Tr. 474-75. None of the records indicate any testing was performed and if so what the results were. An ALJ may gave more weight to the opinion of an "other source" who is not an "acceptable medical source" if the other source provides better supporting evidence and a better explanation for his or her opinion. *See* SSR 06–03p, 2006 WL 2329939, *5 (Aug. 9, 2006). But here, the other sources did not consistently find Ms. Houston more functional in all cognitive spheres as the ALJ found, and provided no supporting evidence or explanation in support of their notations regarding memory, concentration or attention. The ALJ's determination is thus not supported by substantial evidence.

Finally, the ALJ rejected Dr. Czysz's opinion regarding depressive symptoms as inconsistent with findings from another exam. Substantial evidence does not support this finding because Dr. Czysz's opinion is based upon psychological testing he performed regarding Ms. Houston's depression, but the exam relied upon by the ALJ to contradict the doctor's depression opinions pertains to an appointment addressing Ms. Houston's physical symptoms. *See* Tr. 544. That it mentions "no . . . evidence of depression" during that appointment does not constitute a meaningful contrast to Dr. Czysz's findings.

## B. Joanne Gartenberg, M.D., and Suzanne Oelke, M.A.

Dr. Gartenberg and Ms. Oelke co-signed a May 2015 medical source statement rating Ms. Houston's limitations in a variety of areas and describing her diagnoses. Tr. 599-01. The ALJ rejected the statement on the grounds it does not cite to any objective signs or provide a significant rational to support the limitations found; is inconsistent with treatment records showing "normal concentration, attention span, memory, mood and affect"; and because the statement was completed only a week after Ms. Houston started treatment with the doctor and Ms. Oelke. *Id*. Tr. 33.

The ALJ erred in rejecting the statement as inconsistent with the treatment record. This is a conclusory statement and legal error. *See Regennitter v. Comm'r Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir.1999) (Conclusory reasons will not justify an ALJ's rejection of a medical opinion.).

The ALJ may give less weight to a doctor's opinion that is brief, conclusory, and inadequately supported by medical records. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The Court cannot say it was unreasonable for the ALJ to discount the statement on the grounds it lacks "significant rationale." The statement states Ms. Houston's diagnoses, how "she has trouble functioning," and how she has been homeless five years. Tr. 601. But there is no explanation for how these statements support a finding that Ms. Houston is markedly and moderately impaired in virtually every functional category. The marked and moderate limitations are thus essentially unexplained.

Although the ALJ reasonably found the statement should be discounted because it lacks significant rationale, Ms. Houston argues, the ALJ erred because Dr. Gartenberg's treatment

notes support the findings contained in the statement. Dkt. 11 at 4-5. However, at the time Dr. Gartenberg signed the statement, she had examined Ms. Houston once; her treatment notes from that examination does not contain findings indicating Ms. Houston has multiple marked and moderate cognitive or social functional limitations. *See* Tr. 686-87. After completing the statement, Dr. Gartenberg examined Ms. Houston a number of times. But most of the mental status examination findings are within normal limits. *See* Tr. 677-87. The doctor noted Ms. Houston had depressed and anxious mood but those notes provides no more information than the statement which also indicated Ms. Houston suffered from depression and PTSD. Some of the doctor's post-statement examination findings are also inconsistent with the statement. For example, Dr. Gartenberg found Ms. Houston's memory was intact after signing the statement, in contrast to the statements findings that Ms. Houston has moderate and marked limitations in her ability to remember instructions. *Compare* Tr. 599-600 *with* Tr. 677-87. Thus, even if all of Dr. Gartenberg's treatment notes are considered in conjunction with her statement, they do not provide support or a rationale for all of the limitations indicated in the statement. Accordingly, the ALJ did not err in discounting the statement on the grounds it lacks significant rationale.

Because the ALJ gave at least one valid reason supported by substantial evidence to reject the opinions in the statement, the Court affirms the ALJ's determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

//

//

**C.      Megan Merritt, PA-C**

Ms. Merritt, Ms. Houston's treating physician's assistant, completed a DSHS form opinion in March 2014 describing her physical diagnoses and limitations. Tr. 469-73. Ms. Merritt opined Ms. Houston was limited to performing sedentary work. Tr. 471. The ALJ discounted Ms. Merritt's opinion noting she had indicated no evidence of nerve impingement and Ms. Houston had refused a cortisone injection in her left knee. Tr. 34 (citing Tr. 546). The ALJ also noted a mental health treatment note from one week after Ms. Merritt's evaluation indicated Ms. Houston had a normal gait, which the ALJ found inconsistent with Ms. Merritt's notation that Ms. Houston used a cane and walked slowly. Tr. 34 (citing Tr. 478, 548). Why Ms. Merritt's indication that Ms. Houston had no evidence of nerve impingement is relevant is unclear, because her opinion does not reference nerve impingement. The ALJ's reasoning is therefore not germane and erroneous.

Ms. Merritt's notes and opinion indicate Ms. Houston refused a cortisone shot in her left knee, but the relevance of this fact to Ms. Merritt's opinion is again not clear because Ms. Merritt's opinion was rendered while acknowledging that treatment decision. Ms. Merritt's treatment notes indicate Ms. Houston "[m]ay benefit" from the injection, but also referenced other treatment options. Tr. 546-47. The ALJ's reliance on Ms. Houston's refusal of an injection accordingly does not constitute a germane reason to discount Ms. Merritt's opinion.

The ALJ's last reason is also not germane. A mental health treatment note assessing ambulation as part of a "mental status exam" does not directly contradict Ms. Merritt's physical examination finding that Ms. Houston used a cane for ambulation during her examination. Furthermore, although the ALJ suggested Ms. Houston "embellished" her difficulties at the evaluation with Ms. Merritt, Ms. Merritt treated Ms. Houston over a period of time, beginning in

March 2013. *See* Tr. 501. Thus, Ms. Merritt provided an opinion about Ms. Houston's limitations in the context of an ongoing treatment relationship, rather than a one-time evaluation. The ALJ's reasoning is not germane in light of the relationship between Ms. Merritt and Ms. Houston.

Because the ALJ failed to provide germane reasons to discount Ms. Merritt's opinion, the opinion shall be reconsidered on remand.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Czysz's opinion and Ms. Merritt's March 2014 opinion; develop the record as needed; and reassess Ms. Houston's RFC and proceed to steps four and five as appropriate.

DATED this 21st day of September, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge